UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:17-cv-3426-RLM-DML ) ) |
| ST. VINCENT HOSPITAL AND HEALTH CARE CENTER, INC., | ) ) ) |
| Defendant. | ) ) ) |

## Consent Decree

The Equal Employment Opportunity Commission filed this action against St. Vincent Hospital and Health Care Center, Inc., on September 26, 2017, alleging that St. Vincent violated Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleges that St. Vincent Hospital discriminated against Latoya Moore, a qualified individual with a disability, by refusing to provide her reasonable accommodation in the form of transfer to positions for which she was qualified to perform the essential functions, with or without accommodations. St. Vincent Hospital and Health Care Center, Inc. maintains it acted properly at all times in compliance with applicable law. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

The Commission and St. Vincent Hospital hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action. It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of this Decree; and (3) this Decree resolves all the matters in controversy between the parties as provided in Sections 1 through 5 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

# 1. Injunctive Relief

### 1.1. Disability Discrimination Prohibited

St. Vincent Hospital and its officers, managers, and employees are permanently enjoined from failing to provide a reasonable accommodation of transfer to a vacant position to an employee qualified for the vacant position whose disabilities prevent the employee from performing the essential functions of the employee's existing position.

### 1.2. Retaliation Prohibited

St. Vincent Hospital and its officers, managers, and employees are permanently enjoined from discriminating against any person: (i) because such person opposes or has opposed any practice based on disability and made unlawful under the ADA; (ii) because such person files or has filed a charge of discrimination alleging an unlawful employment action based on disability; or (iii) because such person

participates or has participated in any manner in any investigation, proceeding, or hearing under the ADA. This prohibition includesmaking negative statements to current or prospective colleagues or employers about St. Vincent Hospital's current or former employees because such current or former employees participated as a witness in the Commission's investigation, lawsuit, or both.

## 2. Relief for Latoya Moore

### 2.1. Amount

St. Vincent Hospital shall pay Moore $15,000, of which $7,372.50 shall be backpay and the remainder compensatory damages.

### 2.2. Payment

2.2.1. St. Vincent Hospital shall make payment by check payable to Latoya Moore mailed to the address designated by the Commission, with a copy to the Commission.

2.2.2. Payment shall be mailed within fourteen calendar days after the entry of this Decree by the Court.

2.2.3. St. Vincent Hospital shall provide a copy of Moore's signed certified mail receipt as proof of payment.

### 2.3. Taxes

St. Vincent Hospital shall not deduct from back pay the payment for the employer's share of any costs, taxes, or Social Security required to be paid by it. St. Vincent Hospital shall not deduct any amounts from compensatory damages.

### 2.4. Reference

If contacted for a reference, St. Vincent Hospital shall provide the dates of Moore's employment and positions held. St. Vincent Hospital shall make no reference to

Moore's termination, her charge, or her participation in the Commission's investigation, lawsuit, or both. This provision survives the expiration of this decree.

### 2.5. Confirmation of Employment Eligibility

St. Vincent Hospital shall provide a letter to Moore addressed to her and confirming her eligibility for reemployment.

### 2.6. Personnel Records and Information

Any references to Moore's charge and this suit shall be removed from Moore's personnel records.

## 3. St. Vincent Hospital's Obligations

### 3.1. Term

The term of this Decree shall be for two (2) years following the date of the entry of this decree.

### 3.2. Policies and Procedures

3.2.1. In General. St. Vincent Hospital shall adopt and implement policies and procedures for transferring, as reasonable accommodations, its employees with disabilities to vacant positions for which they are qualified, as provided in this section. Such policies and procedures shall complement St. Vincent Hospital's existing policies and procedures, including its Transitional Duty Program and Reasonable Accommodation Policy. St. Vincent Hospital has represented that it is modifying its Transitional Duty Program to provide employees a participation period of six months.

3.2.2. The Interactive Process and Reasonable Accommodation. When St. Vincent Hospital learns an employee has a disability that prevents the employee from performing the essential functions of the employee's existing position, St.

Vincent Hospital shall engage in an interactive process with the employee. St. Vincent Hospital shall undertake the interactive process with the goal of identifying a reasonable accommodation. Such accommodation may include St. Vincent Hospital's existing Transitional Duty Program; it may also include transfer to a vacant position for which an employee with a disability is qualified. These examples are illustrative only; if St. Vincent Hospital and the employee identify another reasonable accommodation through the interactive process, they may implement it.

      3.2.3. Transfer as a Reasonable Accommodation. If no reasonable accommodation is available that would allow the employee to remain in the employee's existing position, St. Vincent Hospital and the employee shall consider transfer to a vacant position, which the ADA identifies as a reasonable accommodation. 42 U.S.C. 12111(9)(B). Transfer to a vacant position is not reasonable unless the employee is qualified for the position, but if the qualification standards for the vacant position screen out an employee with a disability, St. Vincent must show that: (i) the standards are job-related for the position in question and consistent with business necessity and (ii) there are no reasonable accommodations that would allow the employee to perform the essential functions of the position. St. Vincent Hospital and the employee shall engage in the interactive process to the extent necessary to identify the employee's qualifications and interests. The employee does not need to be the best-qualified person for the position.

      3.2.4. Vacant Positions. Vacant positions are those positions available: (i) at the time St. Vincent Hospital and the employee determine, under Section 3.2.3, that no reasonable accommodation other than transfer is available; and

5

(ii) thereafter and continuing until the later of:

    a) the time the employee exhausts Short-Term Disability leave benefits, or

    b) 30 days after the employee exhausts Transitional Duty Program benefits.

St. Vincent Hospital shall engage in dialogue with the employee about vacant positions for which the employee may be eligible for transfer until an appropriate position is identified and the employee is transferred or the period stated in this section expires. If more than one position is vacant, St. Vincent and the employee shall continue to engage in the interactive process to identify the most appropriate position; that is, the position that comes closest to the employee's current position in terms of factors such as pay, benefits, and responsibilities.

    3.2.5. Transfer. St. Vincent Hospital shall provide employees continuous access to information regarding vacant positions. St. Vincent Hospital does not violate this decree with respect to an employee if it (i) either offers to transfer the employee to an appropriate position identified by the employee (regardless of whether the employee accepts the transfer) or determines at the end of the period identified in Section 3.2.4 that no appropriate positions are available; and (ii) assists the employee in identifying vacant positions if such assistance is requested.

    **3.3.    Training**

St. Vincent Hospital shall ensure that its agents, officers, and employees responsible for its Transitional Duty Program, Reasonable Accommodation Policy, Short-Term Disability program, or any other policy or program offered for the benefit of employees whose disabilities prevent them from performing the essential functions of their positions attend training on the proper implementation of the policies and procedures adopted under Section 3.2 and the Commission's Enforcement Guidance

on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, available online at https://www.eeoc.gov/policy/docs/accommodation.html. The training shall occur annually during the term of this Decree and each session shall be at least one hour in duration. St. Vincent Hospital shall ensure that any agent, officer, or employee who gains responsibility for these policies or programs attends similar training within a month of obtaining such responsibility. All costs associated with training shall be borne by St. Vincent Hospital. St. Vincent Hospital shall retain the agenda, written materials, and a list of attendees from each training.

### 3.4. Notice

3.4.1. General Notice. St. Vincent Hospital shall post the Notice of NonDiscrimination Policy attached as Appendix A to this Decree in areas such that it is accessible to all its employees throughout the term of this Decree. If any copy of this general notice becomes defaced or unreadable, St. Vincent Hospital shall replace it immediately.

3.4.2. Specific Notice. St. Vincent Hospital shall provide the Transfer as a Reasonable Accommodation Notice attached as Appendix B to this Decree to each employee with a disability that prevents him or her from performing the essential functions of his or her job, with or without accommodation, for whom St. Vincent determines in consultation with the employee that (1) there are no effective accommodations that will enable the employee to perform the essential functions of his or her current position, or (2) all other reasonable accommodations would impose an undue hardship.

**3.5.** **Reporting**

3.5.1. Within fourteen days after entry of this Decree, St. Vincent Hospital shall certify its compliance with Sections 2.3, 2.6, and 3.4.1.

3.5.2. St. Vincent Hospital shall provide its policies and procedures developed under Section 3.2 to the Commission within fourteen days of its implementation. If at any time during the term of this Decree St. Vincent Hospital desires to change such policies and procedures, it shall submit the changes to the Commission within fourteen days of implementation. If the Commission determines that the policies and procedures, or any changes

thereto, violate the ADA or this Decree, the Commission shall invoke the procedures of Section 4.2.

3.5.3. Any time an employee with a disability that prevents him or her from performing the essential functions of his or her job, with or without a reasonable accommodation, and whose employment with St. Vincent Hospital is involuntarily terminated during the term of this decree, St. Vincent Hospital shall report to the Commission the employee's name, former position, last known contact information, an explanation why the employee was not transferred to a vacant position, and a certification that St. Vincent Hospital has complied with Section 3.4.2. Such report shall be provided to the

Commission within fourteen days of the employee's involuntary termination.

3.5.4. Annual Report. St. Vincent Hospital shall provide the Commission with two annual reports. The first report shall be provided March 21, 2019. The second report shall be provided March 20, 2020.

3.5.4.1. As part of each annual report, St. Vincent Hospital shall

8

certify that it is in compliance with all of its obligations under the Decree.

        3.5.4.2. St. Vincent Hospital shall include with the report copies of all training documents required to be retained under Section 3.3 for training offered since the later of the entry of this Decree or the previous annual report.

## 4. Enforcement

  **4.1.**    **Compliance**

The Commission is authorized to review compliance with this Decree. As part of its review, the Commission may interview employees and examine and copy documents.

  **4.2.**    **Informal Dispute Resolution**

In the event the Commission alleges that a violation of this Decree has occurred, the Commission will give notice in writing by certified mail, specifically identifying the alleged violation to St. Vincent Hospital, with a copy to its counsel. St. Vincent Hospital shall respond to the allegation within fourteen days. After St. Vincent Hospital responds, the parties shall have a period of fourteen days, or such additional period as may be agreed to by them, in which to negotiate and confer regarding the Commission's allegation.

  **4.3.**    **Judicial Dispute Resolution**

If the Commission is unable to obtain relief under Section 4.2, it may initiate contempt proceedings with the Court. If the Court finds St. Vincent Hospital has failed to perform a duty under this Decree, then, in addition to any other relief ordered, the Court may in its discretion award the Commission attorney fees and costs incurred in obtaining St. Vincent Hospital's compliance and impose a daily fine until compliance is obtained.

## 5. Miscellaneous Provisions

### 5.1. Jurisdiction

The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

### 5.2. Costs and Attorneys' Fees

The parties shall each bear their own costs and attorneys' fees, except as set forth in Section 4.3.

### 5.3. Delivery of Required Certifications and Reports

Each report and certification required by this agreement shall be emailed to monitoring-EEOC-INDO@eeoc.gov.

### 5.4. Amendment

This Consent Decree may only be amended with Court approval.

### 5.5. Decree Binding on Successor

Before selling or merging, St. Vincent Hospital shall notify all potential buyers and bidders of this Decree and its terms. The notice shall include a copy of this Decree, personally served by St. Vincent Hospital. The terms of this Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of St. Vincent Hospital.

| May 24, 2018. | /s/ Robert L. Miller, Jr. |
|---|---|
| Date | Judge, United States District Court |

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system.

**Appendix A**

**Employee Notice**

**Notice of Non-Discrimination Policy**

This Notice is posted as required by a Court Order resolving an employment discrimination lawsuit filed by the United States Equal Employment Opportunity Commission against St. Vincent Hospital and Health Care Center, Inc., in the United States District Court for the Southern District of Indiana, Civil Action No. 1:17-cv-3426. The lawsuit alleged St. Vincent Hospital failed to provide a reasonable accommodation of transfer to a vacant position to an employee whose disabilities prevented her from performing the essential functions of her existing position. St. Vincent Hospital maintains it acted properly at all times in compliance with applicable law.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's sex, pregnancy, race, color, religion, national origin, age (over 40), disability, or genetic information.

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

St. Vincent Hospital supports and will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission. In particular, St. Vincent Hospital is committed to honoring its obligation to provide reasonable accommodation to qualified individuals with disabilities, including transfer to a vacant position if an employee's disability prevents the employee from performing the essential functions of the employee's existing position.

If you have any complaints of discrimination, you may contact the Commission at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

**Questions concerning this notice may be addressed to:**

**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900**
**Indianapolis, Indiana 46204-4203**
**Telephone:  (317) 226-7212**
**EEOC 800 # 1-800-669-4000**
**TDD (317) 226-4162**

# Appendix B

# Employee's Notice

## Transfer as a Reasonable Accommodation

You are being provided this notice to ensure you are aware of your rights under the Americans with Disabilities Act of 1990. The ADA requires employers to provide reasonable accommodation to a qualified employee with a disability if the employee's disability prevents the employee from performing the essential functions of the employee's position. Among other things, the ADA identifies transfer to a vacant position for which the employee is qualified as a reasonable accommodation.

A position is vacant if it is available: (i) at the time you and St. Vincent Hospital determine that no reasonable accommodation other than transfer is available; and (ii) thereafter and continuing until the later of the time: you exhaust Short-Term Disability leave benefits, or 30 days after you exhaust Transitional Duty Program benefits. You must cooperate with St. Vincent Hospital to identify positions for which you are qualified, and St. Vincent Hospital must cooperate with you.

Additional information about the ADA and transfer is available from the Equal Employment Opportunity Commission's website, www.eeoc.gov. You may also contact the EEOC:

**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900**
**Indianapolis, Indiana 46204-4203**
**Telephone: (317) 226-7212**
**EEOC 800 # 1-800-669-4000**
**TDD (317) 226-4162**

4841-0263-0227, v. 1